UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:96-CV-00796-R

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.

BRUCE PECK                                                                                             DEFENDANT

**OPINION & ORDER**

This matter comes before the Court on United States' Withdrawal of Motion for Order of Amended Judgment (DN 44). On December 2, 2008, the United States filed a Motion for Order for Amended Judgment (DN 31). The Court granted the uncontested motion on December 31, 2008 (DN 32). On January 12, 2009, the Court received a letter from the Defendant in which he stated he never received the United States' December 2 motion (DN 34). Consequently, the Court ordered that Defendant's letter be filed as a motion for reconsideration and vacated the December 31 Amended Judgment (DN 36).

In the present motion, the United States moves to withdraw its Motion for Order for Amended Judgment without prejudice. Defendant has not responded. The Court being sufficiently advised, IT IS HEREBY ORDERED that the United States' Motion (DN 44) is GRANTED.

Also before the Court are Defendant's Motion to Dismiss (DN 40), Motion for Restraining Order Against the United States Internal Revenue Service (DN 41), Motion requesting the Court to stop the U.S. Department of Treasury from withholding funds from Defendant's Social Security benefit payments (DN 42), and additional Motion to Dismiss (DN 55). The United States has responded to these motions (DN 46, 47, 48 and 57). Defendant replied to United States' response to his second motion to dismiss (DN 59). These matters are

now ripe for adjudication.  For the reasons that follow, Defendant's motions are DENIED.

In his initial Motion to Dismiss (DN 40), Defendant argues that the case be dismissed because his debts were discharged in bankruptcy.  His second Motion to Dismiss (DN 55) is essentially a reply to the United States' response (DN 46).  In that motion he attempts to resolve any ambiguity in his first motion, and requests that the Court dismiss the Government's original judgment, which was entered on June 26, 1998.

The liability for tax assessed against a debtor remains legally enforceable against the debtor's property even when the underlying tax debt is discharged in the bankruptcy proceeding. *See Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991); *In re Periandri*, 266 B.R. 651, 657 (6th Cir. B.A.P. 2001).  Even though a debtor might have obtained a discharge of his personal liability for taxes for which the liens have been imposed, the Internal Revenue Service can still enforce the tax liens against the debtor's property.  For the same reason, the United States can still foreclose the federal tax liens on Defendant's real property, as provided in the June 26, 1998, judgment, because the tax liens themselves were not discharged in bankruptcy.  Therefore, IT IS HEREBY ORDERED that Defendants Motions to Dismiss (DN 40 & 55) are DENIED.

The Court similarly finds Defendant's motions regarding the Internal Revenue Service and Department of Treasury without merit.  Being sufficiently advised, IT IS HEREBY ORDERED that Defendants motions (DN 41 & 42) are DENIED.